IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMANDA TIMPSON, | : | CIVIL ACTION NO. |
| | : | 1:22-CV-5115-WMR-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FULTON COUNTY DISTRICT ATTORNEY'S OFFICE and FANI WILLIS *in Her Individual Capacity as Fulton County DA*, | : | |
| | : | |
| | : | **FINAL REPORT AND** |
| Defendants. | : | **RECOMMENDATION** |

On December 28, 2022, Plaintiff filed this employment case alleging violations of the Americans with Disabilities Act ("ADA")[1] by the Fulton County District Attorney's Office ("FCDAO") and Fulton County District Attorney Fani Willis ("Willis") in her individual capacity. Defendants were served on January 18, 2023. Doc. Nos. [7][8]. They failed to timely answer or otherwise respond to the Complaint. Accordingly, on April 3, 2023, Plaintiff filed a Motion for Clerk's Entry of Default [14]. The Clerk entered default on April 4, 2023. On April 7, 2023, Defendants filed a Motion to Open Default [15] and a Motion to Dismiss [16]. For

---

[1] The Complaint contains passing references to other theories of liability such as 42 U.S.C. § 1983, breach of contract, and negligence. *See* Compl. [1] at 1. However, the actual counts in the Complaint appear to relate exclusively to Defendants' purported violations of the ADA.

the reasons set forth below, the undersigned **RECOMMENDS** that Defendants' Motions [15][16] be **GRANTED**.

## I. ANALYSIS

In their Motions, Defendants argue that the default should be set aside and the case should be dismissed (1) because the Court lacks subject matter jurisdiction since the FCDAO and Willis (to the extent she is sued in her official capacity) enjoy Eleventh Amendment immunity and (2) because there is no legal basis for Plaintiff's claims against Willis in her individual capacity, as employment actions against individuals are not allowed under the ADA.

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). In deciding whether "good cause" exists, courts have considered factors including, *inter alia*, "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* In the Eleventh Circuit there is a "strong policy of determining cases on their merits" and defaults are therefore "seen with disfavor." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

If a court lacks subject matter jurisdiction over an action, the case must be dismissed—even if a party is in default. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Ferrier v. Cascade Falls Condo. Ass'n, Inc.*, 820 F. App'x 911, 914 (11th Cir. 2020) ("the existence of a default judgment cannot overcome a lack of subject matter jurisdiction").

Although the undersigned finds that Defendants have overstated their argument with respect to this Court's lack of subject matter jurisdiction, the default should nonetheless be set aside, and the case should be dismissed because the FCDAO enjoys Eleventh Amendment Immunity and Willis plainly cannot be sued as an individual under the ADA's employment provisions.

A. *Eleventh Amendment Immunity*

The FCDAO is protected by Eleventh Amendment immunity, so the claims against it should be dismissed. "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States and by its own citizens as well." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002) (citations omitted). Defendants characterize the Eleventh Amendment as necessarily divesting this Court of subject matter jurisdiction. That is not entirely accurate, but the Court finds that dismissal is warranted.

The Eleventh Amendment "is unique because it acts as an affirmative defense, while also containing traits more akin to a limitation on subject-matter jurisdiction." *Union Pacific R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *see United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 941 (10th Cir. 2008) ("Eleventh Amendment immunity doctrine is not easy to characterize. It shares features with affirmative defenses, while also containing traits more akin to subject matter jurisdiction. It is best understood according to its own unique identity, rather than through its similarities with other legal doctrines." (citations omitted)). "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. Unlike subject matter jurisdiction, however, this immunity may be waived by the state, like an affirmative defense." *Union Pacific*, 662 F.3d at 340 (citations omitted). Additionally, unlike subject matter jurisdiction, courts are not obligated to raise the issue of Eleventh Amendment immunity *sua sponte*. *Burlbaw*, 548 F.3d at 942. Rather, if a defendant fails to raise the issue, "a court can ignore it." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).

That said, Eleventh Amendment immunity "may be raised at any time, even on appeal for the first time." *Burlbaw*, 548 F.3d at 942; *see Union Pacific*, 662 F.3d at 342 (finding that Louisiana was entitled to Eleventh Amendment immunity even though it was asserted for the first time on appeal). Accordingly, even where a state

defendant is in default, courts entertain assertions of Eleventh Amendment immunity. *See Brown v. Fla.*, No. 8:13-CV-49-T-30MAP, 2013 WL 869534, at *4 (M.D. Fla. Mar. 7, 2013) (vacating default because defendant had Eleventh Amendment immunity).

Here, despite its default, the FCDAO is now asserting that it is immune from suit under the Eleventh Amendment. The undersigned agrees, as numerous courts have held that district attorneys sued in their official capacities and their offices enjoy Eleventh Amendment immunity, and that the Eleventh Amendment protects against employment suits under Title I of the ADA. *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001) (holding that the Eleventh Amendment bars private suits seeking damages for state violations of Title I of the ADA); *Bailey v. Bd. of Regents of Univ. Sys. of Georgia*, No. 21-11225, 2022 WL 4517092, at *5 (11th Cir. Sept. 28, 2022) ("We find no plain error in the Magistrate Judge's determination that Plaintiff's ADA . . . claims are barred by Eleventh Amendment immunity."); *Williams v. Monroe Cnty. Dist. Att'y*, 702 F. App'x 812, 814 (11th Cir. 2017) ("Eleventh Amendment immunity bars claims against the Monroe County [Alabama] District Attorney's Office and its District Attorneys acting in their official capacities"); *Williams v. DeKalb Cnty. Gov't*, No. 1:12-CV-0705-RLV-AJB, 2013 WL 12502582, at *8 (N.D. Ga. Feb. 6, 2013) ("Chief Assistant District Attorney [for DeKalb County, Georgia was] . . . immune from suit

under the Eleventh Amendment for any claims brought against him in his official capacity under the ADA . . ."), *report & rec. adopted by* No. 2013 WL 12502580 (N.D. Ga. Mar. 6, 2013); *Robertson v. Clayton Cnty., Georgia*, No. 1:05-CV-1471-CAP, 2005 WL 8155580, at *2 (N.D. Ga. Aug. 25, 2005) ("a [Georgia] county district attorney is entitled to Eleventh Amendment immunity as to claims brought against her in her official capacity"); *Gary v. Georgia Dep't of Human Res.*, 323 F. Supp. 2d 1368, 1372 (M.D. Ga. 2004) (departments of the State of Georgia were immune from suit under Title I of the ADA because they had not waived immunity); *Skandalakis v. Geeslin*, 303 B.R. 533, 535 (M.D. Ga. 2004) ("as a state officer [district attorney was] entitled to immunity pursuant to the Eleventh Amendment").

Plaintiff's arguments to the contrary are unconvincing. She first asserts that the Eleventh Amendment does not apply because district attorneys are county officials and thus not entitled to Eleventh Amendment immunity. However, neither of the cases she relies on actually involved a district attorney. *See Garrett*, 531 U.S. 356; *Lincoln Cnty. v. Luning*, 133 U.S. 529 (1890). Moreover, this assertion is contrary to the numerous cases finding that district attorneys in Georgia, when sued in an official capacity, *are* protected by the Eleventh Amendment. *See Williams*, 2013 WL 12502582, at *8; *Robertson*, 2005 WL 8155580, at *2; *Skandalakis*, 303 B.R. at 535.

Plaintiff also contends that Georgia has waived its immunity for ADA claims, but the two cases she cites for this proposition are not on point. A state waives Eleventh Amendment immunity if it "voluntarily invokes federal-court jurisdiction or if it makes a 'clear declaration' that it intends to submit to federal jurisdiction." *Union Pacific*, 662 F.3d at 340 (quoting *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999)). In the first case Plaintiff relies on, *Williamson v. Dep't of Hum. Res.*, the Georgia Court of Appeals found that the state had waived its sovereign immunity to suits under the ADA by enacting a state law cause of action for discrimination on the basis of an employee's disability. 572 S.E.2d 678, 681 (Ga. Ct. App. 2002). Any reliance on *Williamson* is misplaced because it dealt with Georgia's sovereign immunity in *Georgia* courts, whereas the Eleventh Amendment deals with states' immunity in *federal* courts. *See Sanford v. Georgia Dep't of Pub. Safety,* No. 1:20-CV-4532-AT-JSA, 2021 WL 3073696, at *9 (N.D. Ga. June 7, 2021) (rejecting argument based on *Williamson* that Georgia had waived Eleventh Amendment immunity for ADA claims in federal court because "*Williamson* only recognizes Georgia's waiver of sovereign immunity in *its own* courts"), *report & rec. adopted by* Doc. No. 28 (N.D. Ga. Aug. 18, 2021); *see also Crisman v. Fla. Atl. Univ. Bd. of Trustees*, 572 F. App'x 946, 947 (11th Cir. 2014) ("A state does not waive its [Eleventh Amendment] immunity only by consenting to suit in its own courts[.]").

Plaintiff also cites *Williams v. Allen*, an ADA case where a federal court found that the defendant, a Georgia sheriff, had waived Eleventh Amendment immunity. No. 1:20-CV-00186-JPB, 2023 WL 2977366, at *5 (N.D. Ga. Apr. 17, 2023). There, the plaintiff sued for disability discrimination in the Superior Court of Clayton County, where the defendant had no immunity because (1) the Eleventh Amendment is not concerned with states having to appear in their own courts and (2) Georgia has waived immunity for ADA employment claims in its own courts (as recognized in *Williamson*). *Id.* The defendant removed the case to federal court and claimed that he was immune from suit under the Eleventh Amendment. *Id.* at *1. The court rejected this contention, explaining that the removal waived any objection to the federal forum and that the defendant could not "*gain* an affirmative defense by removal that would have been unavailable had the case proceeded in the state forum." *Id.* at *3 (emphasis in original). *Williams* does not help Plaintiff because the FCDAO did not voluntarily invoke federal court jurisdiction like the *Williams* defendant did by removing the case to federal court. Rather, the FCDAO was brought into federal court against its will, which is precisely what the Eleventh Amendment is concerned with. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 116-17 (1984) ("the Eleventh Amendment's restriction on the federal judicial power is based in large part on the problems of federalism inherent in making one sovereign appear against its will in the courts of the other" (internal

8

quotation marks omitted)). Indeed, the *Williams* court acknowledged that if, like here, the plaintiff had "brought [her] case in federal court, it is likely that her ADA claims . . . would be barred by the Eleventh Amendment." *Williams*, 2023 WL 2977366, at *5. Thus, Plaintiff's cases are inapposite and her claims against the FCDAO should be dismissed because it has Eleventh Amendment immunity. However, the dismissal should be without prejudice to Plaintiff re-asserting her claims in state court.

B. *ADA Suits Against Individuals*

The default against Willis should be set aside and the claims against her should be dismissed because there is no legal basis for the ADA claims against her as an individual.[2] As noted above, one of the factors that courts consider in deciding whether to set aside a default is "whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951. Here, Willis has presented a meritorious defense—individuals cannot be liable for violations of the ADA's employment discrimination and retaliation provisions. *See Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) ("individual employees are not subject to liability

---

[2] The Complaint states that Willis is being sued "*in her individual capacity* as Fulton County DA[.]" Compl. [1] at 1 (emphasis added). To the extent that—contrary to this plain language—Plaintiff intends to sue Willis in her *official* capacity, Willis would enjoy Eleventh Amendment immunity as the district attorney, and the case would be subject to dismissal on that basis.

9

under . . . the ADA"); *Albra v. Advan, Inc.*, 490 F.3d 826, 830, 834 (11th Cir. 2007) ("individual liability is precluded for violations of the ADA's employment discrimination provision" and for violations of its retaliation provision "where the act or practice opposed by the plaintiff is made unlawful by" its provisions concerning employment). Plaintiff does not respond to this defense or otherwise explain why her claims against Willis in her individual capacity are viable. Accordingly, the default against Willis should be set aside[3] and the claims against her should be dismissed with prejudice.

## II. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Open Default [15] and Motion to Dismiss [16] be **GRANTED**. The claims against the FCDAO should be dismissed without prejudice to Plaintiff re-asserting them in state court. The claims against Willis should be dismissed with prejudice. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

---

[3] Even if the Court declined to set aside the default against Willis, Plaintiff would be unable to obtain a default judgment because "a default judgment may not stand on a complaint that fails to state a claim." *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006).

**IT IS SO RECOMMENDED** this 28th day of August, 2023.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE